THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASHLEY REGINALD MAGLIORE )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>)<br>OFFICER LARRY BROOKS, et al., )<br>)<br>**Defendants** )<br>_____ ) | Civ. Action No: 07-1921(RWR) |

### DEFENDANTS DISTRICT OF COLUMBIA AND LUIS CARTAGENA'S ANSWER TO THE COMPLAINT

Defendants District of Columbia (hereafter "the District") and Officer Luis Cartegena (hereafter "Cartegena"), by and through counsel, answer the Complaint herein as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

In response to the specifically numbered paragraphs set forth in the Complaint, defendants District and Cartegena respond in like-numbered paragraphs as follows:

### COUNT 1: 42 U.S.C. Sec. 1983, U.S. CONST., AMEND IV

1. Defendants admit the existence of the statutory authority cited in paragraph 1 of the Complaint, but deny that it necessarily confers jurisdiction over defendants solely by reason thereof.

2. Defendants are without sufficient information to admit or deny the allegations in Paragraph 2 of the Complaint.

3. Defendants admit that Defendants Larry Brooks and Luis Cartagena are duly appointed and sworn officers of the District of Columbia. The remainder of the paragraph is a legal conclusion to which no response is needed.

## Second Defense:  Facts

4. Denied.

5. The allegations in this paragraph are a legal conclusion to which no response is needed. To the extent that a response is needed, the allegations in this paragraph are denied.

6. Denied.

7. Denied.

8. Denied.

9. Defendants are without sufficient facts to admit or deny the allegations in Paragraph 9.

## COUNT 2-ASSAULT AND BATTERY

The defendants incorporate their responses to paragraphs 1 through 9 as if separately set forth.

10. The allegations in this paragraph are legal conclusions to which no response is needed.  To the extent that a response is needed, the allegations in this paragraph are denied.

## COUNT 3-NEGLIGENCE

The defendants incorporate their responses to paragraphs 1 through 10 as if separately set forth.

11. The allegations in this paragraph are legal conclusions to which no response is needed.

12. Denied.

13. Denied.

### COUNT 4-FALSE ARREST Sec. 1983

The defendants incorporate their responses to paragraphs 1 through 13 as if separately set forth.

14. Denied.

15. Denied.

### COMMON LAW FALSE ARREST

The defendants incorporate their responses to paragraphs 1 through 15 as if separately set forth.

16. Denied.

### COUNT 6-MALICIOUS PROSECUTION

The defendants incorporate their responses to paragraphs 1 through 16 as if separately set forth.

17. The allegations in paragraph 17 are the legal conclusions of the pleader to which no response is required. To the extent a response is required, these defendants admit that plaintiff was prosecuted for his assault upon defendants Brooks and Cartagena. Further answering, it was the prosecutor's decision to proceed with prosecution of the plaintiff on said charges.

18. These defendants are without sufficient information at this time to either admit or deny the allegations in this paragraph.

19. Denied.

**AD DAMNUM CLAUSE**

Defendants deny any and all responsibility for any claim of damages by Plaintiff.

Further answering the complaint, the defendants deny all allegations not specifically admitted or otherwise answered, including that the plaintiff was arrested without probable cause, that he was assaulted and battered, that he was maliciously prosecuted and that excessive force was used.

**Third Defense**

Defendant Cartegena is entitled to qualified immunity and/or a privilege for any actions he took on or about October 26, 2006.

**Fourth Defense**

Plaintiff's claims do not rise to the level of a constitutional violation against these defendants.

**Fifth Defense**

Plaintiff cannot establish that any District custom, policy and/or practice was the moving force behind his alleged constitutional injuries.

**Sixth Defense**

The defendants deny all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy or custom.

**Seventh Defense**

The District cannot be held liable for any alleged constitutional misconduct by its employees under a theory of respondeat superior liability.

### Eighth Defense

If plaintiff was injured or damaged as alleged, such injuries were the result of his own intentional, illegal or otherwise wrongful conduct.

### Ninth Defense

If plaintiff was injured and damaged as alleged in the complaint, such injuries and damages were the result of his own sole or contributory negligence and/or his assumption of the risk.

### Tenth Defense

If plaintiff was injured and damaged as alleged in the complaint, such injuries and damages were the result of a person or persons other than the defendant, its employees, agents and servants acting within the scope of their employment.

### Eleventh Defense

If plaintiff was injured or otherwise damaged as alleged in the complaint, such injuries and/or damages were the result of the plaintiff's sole, joint, or concurring negligence with a person or persons other than defendant, its agents, employees or servants acting within the scope of employment.

### Twelfth Defense

Plaintiff may have failed to fully comply with the mandatory notice requirements of D. C. Official Code Section 12-309 (1981).

### Thirteenth Defense

Plaintiff may have failed to mitigate his damages.

### Fourteenth Defense

The action may be barred by the statute of limitations, and/or laches.

### Fifteenth Defense

The action may be barred by issue or claim preclusion, or not yet have accrued.

### Set-off

Defendant District of Columbia asserts a set-off against any judgment rendered against it for all funds and services provided to or on behalf of plaintiff, including medical care.

### Jury Demand

Defendants hereby demand a trial by jury on all issues so triable.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General,
Civil Litigation Division

        */s/Patricia A. Jones*
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

        */s/C. Vaughn Adams*
C. VAUGHN ADAMS [449770]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6519; (202) 727-6295
(202) 727-3625 (fax)
E-mail:  corliss.adams@dc.gov