THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASHLEY REGINALD MAGLIORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No: 07-1921(RWR) |
| ) | |
| ) | |
| OFFICER LARRY BROOKS, et al., ) | |
| ) | |
| Defendants ) | |
| _____ ) | |

**DEFENDANT LARRY BROOKS'
ANSWER TO THE COMPLAINT**

Defendant Officer Larry Brooks (hereafter "Brooks"), by and through counsel, answers the Complaint herein as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

In response to the specifically numbered paragraphs set forth in the Complaint, defendant Larry Brooks responds in like-numbered paragraphs as follows:

**COUNT 1: 42 U.S.C. Sec. 1983, U.S. CONST., AMEND IV**

1. Defendant admits the existence of the statutory authority cited in paragraph 1 of the Complaint, but deny that it necessarily confers jurisdiction over defendants solely by reason thereof.

2. Defendant is without sufficient information to admit or deny the allegations in Paragraph 2 of the Complaint.

3. Defendant admits that Defendants Larry Brooks and Luis Cartagena are duly appointed and sworn officers of the District of Columbia. The remainder of the paragraph is a legal conclusion to which no response is needed.

### Second Defense:  Facts

4. Denied.

5. The allegations in this paragraph are a legal conclusion to which no response is needed. To the extent that a response is needed, the allegations in this paragraph are denied.

6. Denied.

7. Denied.

8. Denied.

9. Defendant is without sufficient facts to admit or deny the allegations in Paragraph 9.

### COUNT 2-ASSAULT AND BATTERY

The defendant incorporates his responses to paragraphs 1 through 9 as if separately set forth.

10. The allegations in this paragraph are legal conclusions to which no response is needed.  To the extent that a response is needed, the allegations in this paragraph are denied.

### COUNT 3-NEGLIGENCE

The defendant incorporates his responses to paragraphs 1 through 10 as if separately set forth.

11. The allegations in this paragraph are legal conclusions to which no response is needed.

12. Denied.

13. Denied.

### COUNT 4-FALSE ARREST Sec. 1983

The defendant incorporates his responses to paragraphs 1 through 13 as if separately set forth.

14. Denied.

15. Denied.

### COMMON LAW FALSE ARREST

The defendant incorporates his responses to paragraphs 1 through 15 as if separately set forth.

16. Denied.

### COUNT 6-MALICIOUS PROSECUTION

The defendant incorporates his responses to paragraphs 1 through 16 as if separately set forth.

17. The allegations in paragraph 17 are the legal conclusions of the pleader to which no response is required. To the extent a response is required, defendant admits that plaintiff was prosecuted for his assault upon defendants Brooks and Cartagena. Further answering, it was the prosecutor's decision to proceed with prosecution of the plaintiff on said charges.

18. Defendant is without sufficient information at this time to either admit or deny the allegations in this paragraph.

19.     Denied.

## AD DAMNUM CLAUSE

Defendant denies any and all responsibility for any claim of damages by Plaintiff.

Further answering the complaint, defendant denies all allegations not specifically admitted or otherwise answered, including that the plaintiff was arrested without probable cause, that he was assaulted and battered, that he was maliciously prosecuted and that excessive force was used.

### Third Defense

Defendant Brooks is entitled to qualified immunity and/or a privilege for any actions he took on or about October 26, 2006.

### Fourth Defense

Plaintiff's claims do not rise to the level of a constitutional violation against this defendant.

### Fifth Defense

Defendant denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, and/or deliberate indifference.

### Sixth Defense

If plaintiff was injured or damaged as alleged, such injuries were the result of his own intentional, illegal or otherwise wrongful conduct.

### Seventh Defense

If plaintiff was injured and damaged as alleged in the complaint, such injuries and damages were the result of his own sole or contributory negligence and/or his assumption of the risk.

### Eighth Defense

If plaintiff was injured and damaged as alleged in the complaint, such injuries and damages were the result of a person or persons other than the defendant, its employees, agents and servants acting within the scope of their employment.

### Ninth Defense

If plaintiff was injured or otherwise damaged as alleged in the complaint, such injuries and/or damages were the result of the plaintiff's sole, joint, or concurring negligence with a person or persons other than defendant, its agents, employees or servants acting within the scope of employment.

### Tenth Defense

Plaintiff may have failed to mitigate his damages.

### Eleventh Defense

The action may be barred by the statute of limitations, and/or laches.

### Twelfth Defense

The action may be barred by issue or claim preclusion, or not yet have accrued.

### Jury Demand

Defendant hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General,
Civil Litigation Division

    */s/Patricia A. Jones*
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

    */s/C. Vaughn Adams*
C. VAUGHN ADAMS [449770]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6519; (202) 727-6295
(202) 727-3625 (fax)
E-mail: corliss.adams@dc.gov