THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASHLEY REGINALD MAGLIORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No: 07-1921(RWR) |
| ) | |
| ) | |
| OFFICER LARRY BROOKS, *et al.*, ) | |
| ) | |
| Defendants ) | |
| _____ ) | |

**JOINT SUBMISSION PURSUANT TO LOCAL RULE 16.3**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 16.3(d), the parties hereby respectfully submit this joint report. Descriptions of the parties' respective positions as to each issue set forth in Local Rule 16.3(c) are set forth below.

**1. Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

Plaintiff believes that the case is not likely to be completely disposed of by summary judgment. The defendants believe there is a possibility that the case will be disposed of by summary judgment. Each party proposes a schedule for summary judgment briefing as set forth in their response to issue No. 6, *infra*, and in their proposed scheduling order.

**2. The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.**

The parties agree that all parties shall be joined and that any amendments to pleadings be completed within 90 days of the entry of the scheduling order by the Court. However, the defendants reserve their right to oppose the joining of any other parties. The parties do not believe any factual and legal issues can be agreed to or narrowed at this time.

**3.     Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not object to the case being assigned to a magistrate judge for discovery purposes, but not for all purposes.

**4.     Whether there is a realistic possibility of settling the case.**

The parties are willing to explore the possibility of settlement, but believe that it is too early in the litigation to explore settlement at this time.  Settlement may be more appropriate with the benefit of discovery.

**5.     Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The parties do not believe that the case would benefit from alternative dispute resolution procedures at this time.

**6.     Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross motions, oppositions, and replies; and proposed dates for a decision on the motions**.

The District defendants believe that this matter may be disposed of by dispositive motion.

The parties propose the following schedule for summary judgment briefing: (a) all motions for summary judgment shall be filed by not later than 30 days after the close of discovery, i.e. by October 6, 2008; (b) all responses shall be filed by no later than 30 days of the filing of the initial motion, i.e. by November 5, 2008; (c) replies, if any, shall be filed by no later than 15 days of the filing of the responses, i.e. by November 20, 2008.

**7.     Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P, and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties agree to dispense with the procedures set forth in Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26.2 for the exchange of initial disclosures.

**8. The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The parties agree that all discovery, including expert discovery, can be completed by September 4, 2008. All parties reserve the right to seek the entry of an appropriate protective order or orders.

The parties believe that the presumptive limits for complex litigation should apply. The parties believe that depositions be limited to 10 for each side lasting no longer than one day, but not to exceed seven (7) hours, and a limit of 30 interrogatories per side.

**9. Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

The parties agree to exchange expert witness reports and information, if any, pursuant to Fed. R. Civ. P. 26(a)(2). All parties agree that any experts shall be deposed before the close of discovery.

**Plaintiff:** Plaintiff believes that expert witness reports and information, if any, should be disclosed at the end of fact discovery in the interest of efficiency and judicial economy. Plaintiff therefore proposes the following schedule for expert discovery:

    (a)    Expert disclosure pursuant to Fed. R. Civ. P. 26(a)(2)(B)    July 2, 2008

    (b)    Defendants disclosure pursuant to Fed. R. Civ. P. 26(a)(2)(B)  August 4, 2008

    (c)    Close of expert (and all) discovery    September 4, 2008

**10. In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion,**

**and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

The provisions of this paragraph are not applicable because this case is not a class action.

**11. Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties do not anticipate the need for bifurcation of either trial or discovery at this time. Defendants reserve their right to seek bifurcation should the need arise.

**12. The date for a pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties believe that a pretrial conference should be held within 60 days of the close of discovery if no motion for summary judgment is filed. If a motion for summary judgment is filed, then 30 days after the Court's ruling on any motion for summary judgment.

**13. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties propose that a trial date be set at the Pretrial Conference.

**14. Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

None at this time.

Respectfully Submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General,
Civil Litigation Division

     /s/Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

      */s/C. Vaughn Adams*
C. VAUGHN ADAMS [449770]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6519; (202) 727-6295
(202) 727-3625 (fax)
E-mail: corliss.adams@dc.gov

Attorneys for the District of Columbia


      /s/
TERRELL N. ROBERTS, III, ESQ. [965061]
Roberts & Wood
6801 Kenilworth Avenue
Suite 202
Riverdale, MD 20737
(301) 669-0764

Attorney for Plaintiff

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ASHLEY REGINALD MAGLIORE** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civ. Action No: 07-1921(RWR)** |
| ) | |
| ) | |
| **OFFICER LARRY BROOKS, et al.,** ) | |
| ) | |
| **Defendants** ) | |
| _____ ) | |

## SCHEDULING ORDER

Upon consideration of the Parties' Joint Rule 16.3 Report, and the entire record herein, it is this ____ day of _____, 2008, hereby ORDERED that:

1. Plaintiff shall make his Rule 26(a)(2) disclosures to the defendant on or before July 2, 2008. Defendant shall make its Rule 26(a)(2) disclosures to the plaintiff on or before August 4, 2008. All depositions of experts must take place prior to the close of discovery.

2. Factual and expert discovery shall be completed by September 4, 2008.

3. Dispositive motions shall be filed by October 6, 2008; oppositions shall be filed by November 5, 2006, and Replies shall be filed by November 20, 2006.

4. Each party shall be allowed to serve 30 interrogatories and take 10 depositions, lasting no more than one day and/or no more than seven (7) hours; and

5. A Pretrial Conference shall be scheduled at the Court's convenience, following the resolution of any filed dispositive motion.

_____
The Honorable Richard W. Roberts
United States District Court Judge