UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASHLEY REGINALD MAGLIORE, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 07-1921 (RWR) |
| ) | |
| OFFICER LARRY BROOKS, *et. al.,* ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT
BROOKS FOR FAILURE TO DISCLOSE DISCOVERY**

Plaintiff, Ashely Reginald Magliore, by counsel, moves the Court under Rule 37 (d) for sanctions against the defendant Larry Brooks for failure to serve answers to interrogatories or to attend his deposition without cause or excuse. Those lapses are prejudicial to the plaintiff's preparation of his case and require appropriate sanctions, including an order that defendant Brooks shall not oppose plaintiff's liability claims against him.

_____
Terrell N. Roberts, III
Attorney for Plaintiff
Bar #965061
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland 20737
301 699 0764

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7 (m)**

Plaintiff's counsel has called defense counsel, Vaughan Adams, discussed in person, and engaged in written correspondence the fact that defendant Brooks has not served answers to interrogatories. In addition, he has discussed with defense counsel by phone on June 23, 2008

and in person on June 24, 2008 the fact that Brooks could or did not appear for his deposition on June 24, 2008.  In those discussions, plaintiff's counsel made clear that if the location was inconvenient or unworkable for Brooks, the deposition could be conducted at any convenient location, including Brooks' home or near his home.  No alternative location was offered.

## CERTIFICATE OF SERVICE

A copy of the foregoing was mailed this 26th day of June, 2008 to:

C. Vaughn Adams, Assistant Attorney General, D.C., One Judiciary Square, Suite 6S050, 441 4th St., N.W., Washington, D.C.  20001.

_____
Terrell N. Roberts, III

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ASHLEY REGINALD MAGLIORE,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | Case No. 07-1921 (RWR) |
| | ) | |
| **OFFICER LARRY BROOKS,** *et. al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS

F.R.Civ.P 37 (d) provides that if a party fails to appear for a deposition after proper notice or fails to serve answers to interrogatories, the Court "may make such orders in regard to the failure as are just." The Rule specifically authorizes a Court to "order that the matters regarding which the order was made or any other designated facts shall be taken as established for the purposes of the action ..." Under this Rule, the Court may refuse to permit the disobedient party from supporting or opposing designated claims or introducing designated matters into evidence.

Plaintiff's counsel mailed interrogatories propounded to defendant Brooks' to defendant's counsel on April 1, 2008. Defendant Brooks has failed to serve answers to interrogatories to the date of the filing of this motion. The defendant does not suffer from any injury or condition which would prevent him from answering interrogatories.

In addition, defendant Brooks failed to appear for his deposition at his attorney's office on June 24, 2008. Assuming that Brooks could not travel to his attorney's office, there was no effort to explore alternative locations for the deposition, although plaintiff's counsel indicated

his willingness to make any accommodation necessary in order to take the officer's deposition.

In sum, defendant Brooks has not cooperated with the discovery process by either answering interrogatories or making arrangements for allowing his deposition to be taken. This failure to cooperate and provide discovery requires sanctions.

Plaintiff is required to designate his experts by July 2, 2008.  Plaintiff needed to depose defendant Brooks on June 24, 2008 in order so that his expert on police practices could evaluate the officer's use of force in this case. Thus, the plaintiff's inability to depose Brooks will prejudice the plaintiff.  Accordingly, the Court should issue an order imposing sanctions against the defendant Brooks for his failure to make discovery responses.  Since the defendant's discovery violations have frustrated the plaintiff's ability to prepare his liability claims, it is appropriate the Court refuse to allow the defendant Brooks to oppose the plaintiff's claims against him on liability or to introduce any evidence to oppose such claims.

_____
Terrell N. Roberts, III
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ASHLEY REGINALD MAGLIORE,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | Case No. 07-1921 (RWR) |
| ) | |
| **OFFICER LARRY BROOKS,** *et. al.,* ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Upon consideration of the plaintiff's motion for sanctions against defendant Brooks and for good cause shown, it is, this _____ day of _____, 2008, by the United States District Court for the District of Columbia,

ORDERED, that the plaintiff Ashley Magliore's motion for sanctions against defendant Larry Brooks is granted and the defendant shall not oppose or introduce evidence to oppose the plaintiff's claims against him on liability.

_____
Judge Richard Roberts