UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
ASHLEY REGINALD MAGLIORE,       )
                               )
          Plaintiff,            )
                               )
          v.                    )    Civil Action No. 07-1921 (RWR)
                               )
OFFICER LARRY BROOKS, et al.,   )
                               )
          Defendants.           )
_____)
```

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Ashley Magliore brings this action for damages against the District of Columbia (the "District") and Metropolitan Police Department ("MPD") Officers Larry Brooks and Luis Cartagena, asserting constitutional claims of excessive force and false arrest under 42 U.S.C. § 1983, and common law claims of false arrest, assault and battery, negligence, and malicious prosecution. The defendants have moved for summary judgment. Because Magliore has not shown that the alleged unconstitutional conduct was caused by any District of Columbia policy or practice, judgment will be entered for the District on the § 1983 claims. Because Magliore has not shown that his criminal charges were terminated on the merits in his favor, and his claim of negligence is not distinct from his claims of assault and battery and excessive force, judgment will be entered for the defendants on the malicious prosecution and negligence claims. However, because there are genuine issues of material

-2-

fact as to the remaining excessive force, assault and battery, and false arrest claims, the remainder of the defendants' motion will be denied.

BACKGROUND

One evening, Magliore patronized a tavern named Eye Bar located on I Street N.W. in Washington, D.C. (Pl.'s Stmt. of Mat. Facts Not in Genuine Dispute ("Pl.'s Stmt.") ¶ 3; Defs.' Stmt. of Mat. Facts as to Which There are No Genuine Disputes ("Defs.' Stmt.") ¶ 2.) Cartagena and Brooks were on patrol that night, and they stopped in front of Eye Bar to "watch the crowd." (Pl.'s Stmt. ¶ 27.) Magliore had at least three drinks while inside Eye Bar. (Defs.' Stmt. ¶ 3.) At approximately 11:00 p.m. that evening, Magliore left Eye Bar and saw his friend, Sigidi Mbonisi, engaged in a dispute with Brooks and Cartagena. Mbonisi had been expelled from Eye Bar for, among other things, striking a bouncer. (Defs.' Stmt. ¶¶ 4-5; Pl.'s Stmt. ¶¶ 4-5.) Magliore heard Mbonisi state to the officers that he had not done anything wrong. (Pl.'s Stmt. ¶ 6.) The officers directed Magliore to leave, but Magliore told the officers that he wanted information about the incident to provide to Mbonisi's fiancé. (Pl.'s Stmt. ¶¶ 7-8; Defs.' Stmt. ¶ 8.) Brooks grabbed Magliore's arm, causing Magliore to put his hands out and say, "wait, wait, wait." (Pl.'s Stmt. ¶¶ 9-11; Defs.' Stmt. ¶ 9.) Brooks then struck Magliore in the rear left side of his head, leaving a

-3-

three-inch laceration.  (Pl.'s Stmt. ¶¶ 12, 15; Compl. ¶ 4.)
Magliore alleges that Brooks and Cartagena also struck him in the
ribs, chest, right hand, and left knee with asp batons.  However,
Magliore did not specifically remember the blows to his ribs,
left knee, and chest.  (Pl.'s Stmt. ¶ 14; Defs.' Stmt. ¶ 12.)  An
eyewitness, Ilyas Mumin, saw the officers beat Magliore with
their batons, and later kick him while he was on the ground in
handcuffs.  (Pl.'s Stmt. ¶¶ 21, 22.)  Magliore was taken to a
local hospital, where, in addition to the laceration on his head,
he was diagnosed with five fractured ribs.  (Pl.'s Stmt. ¶ 16.)
Magliore was arrested and charged with assaulting Brooks and
resisting arrest.  (Defs.' Stmt. ¶ 15.)  Magliore denied
assaulting Brooks or resisting arrest, and Mumin said Magliore
had not been physically aggressive toward the officers.  (Pl.'s
Stmt. ¶¶ 12, 26.)  The charges were eventually dropped.  (Defs.'
Stmt. ¶ 15.)

     Magliore filed this six-count complaint against the
District, Brooks and Cartagena alleging claims under 42 U.S.C.
§ 1983 for violating Magliore's Fourth Amendment rights to be
free from police use of excessive force (Count 1) and from false
arrest (Count 4); a claim for common law assault and battery
(Count 2); a claim for negligence for Brooks' and Cartagena's
failure to use reasonable care in the performance of their
official duties, and for the defendants' failure to have a

-4-

sufficient number of police officers present at Eye Bar (Count
3); a claim for common law false arrest (Count 5); and a claim
for malicious prosecution (Count 6).  The defendants have moved
for summary judgment.  They argue that judgment should be entered
against Magliore on his § 1983 claims because he failed to
establish municipal liability against the District, and his
claims do not rise to the level of violations under § 1983.  The
defendants further seek judgment against Magliore on his
negligence, false arrest and malicious prosecution claims.  They
argue that a negligence claim joined with an intentional force
claim against police cannot survive without distinct facts,
missing here, reflecting negligence.  They add that the evidence
in the record establishes that Magliore was lawfully arrested for
assaulting a police officer and resisting arrest, and he has not
shown that the dismissal of his charges was with prejudice.
Finally, the defendants assert that no evidence supports the
excessive force and assault and battery claims against
Cartagena.[1]  Magliore opposes the defendants' motion.

_____

[1] While the defendants' motion makes the conclusory assertion
that the facts "do not rise to the level of constitutional
violations" or common law violations (Defs.' Mot. for Summ. J.
at 1), the only two grounds advanced for judgment favoring Brooks
on the excessive force and assault and battery claims were
qualified immunity and privileged use of force (Defs.' Mem. of P.
and A. at 11-13, 14-17).  The defendants withdrew these two
arguments in their reply brief (Defs.' Reply Mem. at 1),
acknowledging that material factual disputes exist.  Thus, Brooks
is not entitled to summary judgment on Counts 1 and 2.  In
addition, the parties do not discuss or attempt to resolve what

-5-

DISCUSSION

"'Summary judgment may be appropriately granted when the moving party demonstrates that there is no genuine issue as to any material fact and that moving party is entitled to judgment as a matter of law.'" Pueschel v. Nat'l Air Traffic Controllers Ass'n, 772 F. Supp. 2d 181, 183 (D.D.C. 2011) (quoting Bonaccorsy v. Dist. of Columbia, 685 F. Supp. 2d 18, 22 (D.D.C. 2010) (citing Fed. R. Civ. P. 56(c)). "'In considering a motion for summary judgment, [a court is to draw] all 'justifiable inferences' from the evidence . . . in favor of the nonmovant.'" Pueschel, 772 F. Supp. 2d at 183 (quoting Cruz-Packer v. Dist. of Columbia, 539 F. Supp. 2d 181, 189 (D.D.C. 2008) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "The relevant inquiry 'is the threshold inquiry of determining whether there is a need for a trial - - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" Single Stick, Inc. v. Johanns, 601 F. Supp. 2d 307, 312 (D.D.C. 2009) (quoting Anderson, 477 U.S. at 250) (overruled on other grounds by Prime Time Int'l Co. v. Vilsack, 599 F.3d 678 (D.C. Cir. 2010)).

---

if any liability the complaint seeks or is warranted against the District on the assault and battery and common law false arrest claims.  Thus, this opinion will not address those questions.

-6-

A court should determine that a genuine issue is present in a case where the "evidence is such that a reasonable jury could return a verdict for the non-moving party," a situation separate and distinct from a case where the evidence is "so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 248, 252.

I.   MUNICIPAL LIABILITY

Count 1 alleges that Brooks and Cartagena, acting under color of their authority as police officers and acting within the scope of their employment by the District, violated Magliore's Fourth Amendment right to be free from the use of excessive force.  (Compl. ¶¶ 3, 8.)  The District argues that judgment should be entered against Magliore on Count 1 of his complaint to the extent it seeks to impose liability against the District because Magliore has failed to establish any municipal liability.

Section 1983 makes it unlawful for a person acting under color of District of Columbia law or custom to deprive one of his federal constitutional or statutory rights.  42 U.S.C. § 1983. To state a claim under § 1983 against the District of Columbia, a plaintiff "must allege not only a violation of his rights under the Constitution or federal law, but also that the municipality's custom or policy caused the violation." Warren v. Dist. of Columbia, 353 F.3d 36, 38 (D.C. Cir. 2004).  The District can be held liable under § 1983 only if its policy or custom causes the

-7-

plaintiff's injury; it will not be held liable on a theory of respondeat superior.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978).

The plaintiff bears the burden of pleading the existence of a custom or practice that abridged his federal constitutional or statutory rights.  Bonaccorsy, 685 F. Supp. 2d 18 at 26.  A plaintiff can establish the existence of a policy or custom by showing that "the municipality or one of its policymakers explicitly adopted the policy that was 'the moving force of the constitutional violation,'" or that a policymaker "knowingly ignore[d] a practice that was consistent enough to constitute custom."  Warren, 353 F.3d at 39 (quoting Monell, 436 U.S. at 694).  A plaintiff can also allege that the District showed deliberate indifference to a risk and that not addressing that risk resulted in constitutional violations.  See Barnhardt v. Dist. of Columbia, 425 Fed. Appx. 2, 2-3 (D.C. Cir. 2011); Warren, 353 F.3d at 39 (citing Baker v. Dist. of Columbia, 326 F.3d 1302, 1306 (D.C. Cir. 2003)).  However, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy," City of Okla. City v. Tuttle, 471 U.S. 808, 823-24 (1985); see also Konah v. Dist. of Columbia, Civil Action No. 10-904 (RMU), 2011 WL 4056673, at *8 (D.D.C. September 14,

-8-

2011); <u>Byrd v. Dist. of Columbia</u>, 297 F. Supp. 2d 136, 139
(D.D.C. 2003), or unless a single action actually establishes the
District's policy.  <u>See</u> <u>Pembaur v. City of Cincinnati</u>, 475 U.S.
469, 481 (1986).  Accordingly, demonstrating a single instance of
a constitutional violation -- that does not itself establish
municipal policy -- without connecting it to an existing,
unconstitutional policy is not sufficient to establish municipal
liability under § 1983.  <u>Bonaccorsy</u>, 685 F. Supp. 2d at 27.

Here, Magliore has conceded this issue by completely failing
to address or rebut the District's arguments.  <u>See</u> Fed. R. Civ.
P. 56(e)(2) ("If a party fails to . . . properly address another
party's assertion of fact . . ., the court may . . . consider the
fact undisputed[.]"); <u>CSX Transp., Inc. v. Commercial Union Ins.,
Co.</u>, 82 F.3d 478, 482-83 (D.C. Cir. 1986); <u>Maib v. F.D.I.C.</u>, 771
F. Supp. 2d 14, 20 (D.D.C. 2011); <u>Felter v. Salazar</u>, 679 F. Supp.
2d 1, at 4 n.2 (D.D.C. 2010).  Therefore judgment will be entered
for the District on Count 1 to the extent Magliore seeks to
impose municipal liability.  Since Magliore has neither pled nor
proven the requisite municipal policy as a cause of the alleged
unconstitutional false arrest, the District likewise is entitled
to judgment on Count 4 to the extent Magliore seeks to hold the
District liable.[2]

---

[2] The complaint does not clearly specify which defendants
are alleged to be liable in each count.

## II.   EXCESSIVE FORCE, FALSE ARREST, AND ASSAULT AND BATTERY

Brooks and Cartagena face allegations of excessive force, false arrest, and assault and battery.  Count 1 alleges that Brooks and Cartagena, acting under the color of their authority as police officers and acting within the scope of their employment by the District, violated Magliore's Fourth Amendment right to be free from the use of excessive force.  (Compl. ¶¶ 3, 8.)  Count 2 alleges that Brooks and Cartagena committed common law assault and battery against Magliore.  (Compl. ¶ 10.) Counts 4 and 5 allege that the officers falsely arrested Magliore in violation of the constitution and common law.  (Compl. ¶¶ 14-16.)

The Fourth Amendment to the United States Constitution provides the predicate for claims of excessive force by police officers.  It also guarantees individuals the right to be free from unreasonable searches and seizures.  Davis v. Dist. of Columbia, 800 F. Supp. 2d 28, 32-33 (D.D.C. 2011).  "A police officer's use of force is excessive and therefore violates the Fourth Amendment if it is not 'reasonable[.]'"  Rudder v. Williams, No. 10-7101, 2012 WL 119589, at *3 (D.C. Cir. January 17, 2012) (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)).  "Thus, whether the force applied by an officer violates an individual's Fourth Amendment rights turns on reasonableness." Davis, 800 F. Supp. 2d at 33 (citing Tennessee v. Garner, 471

-10-

U.S. 1, 7 (1985)).  "Determining whether the force used to effect
a particular seizure is 'reasonable' under the Fourth Amendment
requires a careful balancing of 'the nature and quality of the
intrusion on the individual's Fourth Amendment interests' against
the countervailing governmental interests at stake."  <u>Graham</u>, 490
U.S. at 396 (citation omitted).  "This balancing test is both
objective and fact-sensitive; it looks to the totality of the
circumstances known to the officer at the time of the challenged
conduct, and it accords a measure of respect to the officer's
judgment about the quantum of force called for in a quickly
developing situation."  <u>Martin v. Malhoyt</u>, 830 F.2d 237, 261
(D.C. Cir. 1987) (internal quotation omitted).

An assault is "'an intentional and unlawful attempt or
threat, either by words or by acts, to do physical harm to the
victim.'"  <u>Halcomb v. Woods</u>, 767 F. Supp. 2d 123, 136 (D.D.C.
2011) (quoting <u>Evans-Reid v. Dist. of Columbia</u>, 930 A.2d 930, 937
(D.C. 2007) (internal quotation omitted)).  A battery is "'an
intentional act that causes a harmful or offensive bodily
contact.'"  <u>Halcomb</u>, 767 F. Supp. 2d at 136 (quoting <u>Evans-Reid</u>,
930 A.2d at 937)).  "Strictly speaking, a police officer
effecting an arrest commits a battery.  If the officer does not
use force beyond that which the officer reasonably believes is
necessary, given the conditions apparent to the officer at the
time of the arrest, he is clothed with privilege.  Otherwise, he

-11-

has no defense to the battery, at least insofar as it involves
the use of excessive force." Dist. of Columbia v. Chinn, 839
A.2d 701, 706 (D.C. 2003).

"The elements of a constitutional claim for false arrest are
substantially identical to the elements of a common-law false
arrest claim." Scott v. Dist. of Columbia, 101 F.3d 748, 753
(D.C. Cir. 1996).  For either claim, "[t]he focal point of the
action is the question whether the arresting officer was
justified in ordering the arrest of the plaintiff; if so, the
conduct of the arresting officer is privileged and the action
fails." Id. (quoting Dellums v. Powell, 566 F.2d 167, 175 (D.C.
Cir. 1977)).  "[I]t is a familiar principle that probable cause
for an arrest and detention constitutes a valid defense to a
claim of false arrest or imprisonment." Magwood v. Giddings, 672
A.2d 1083, 1086 (D.C. 1996).  Courts determine whether probable
cause existed by analyzing the totality of the circumstances,
which requires that "the police had enough information to warrant
a man of reasonable caution in the belief that a crime has been
committed and that the person arrested has committed it." Barham
v. Ramsey, 434 F.3d 565, 572 (D.C. Cir. 2006) (citations
omitted).

Here, the defendants argue that Brooks responded defensively
with only that degree of force reasonably necessary to counter
Magliore's aggression when Magliore put his hands out and refused

-12-

to cooperate.  They assert there is no evidence that Cartagena
hit Magliore and that Magliore's aggressive conduct provided
probable cause for a lawful arrest.  However, Magliore has shown
that the material facts on those claims are in genuine dispute.
Magliore denies any resistance or aggression toward the officers,
and Mumin corroborates that claim.  Moreover, Mumin said both
officers beat Magliore with their batons and kicked Magliore when
he was on the ground handcuffed.  A jury could infer support for
that percipient account from the magnitude of Magliore's
injuries, but that is ultimately a decision to be made by a jury,
not in a summary judgment ruling.  Therefore, the defendants'
motion for summary judgment in favor of Brooks and Cartagena as
to Counts 1, 2, 4, and 5 of the complaint will be denied.

III. NEGLIGENCE

    In Count 3, Magliore alleges that the defendants were
negligent because they breached their duty of care to Magliore by
using excessive, potentially lethal force against him, and by
failing to have a sufficient number of police officers present.
(Compl. ¶¶ 11-13.)  The defendants argue that judgment should be
entered for them on Count 3 in part because the complaint does
not plead a cause of action for negligence that is distinct from
the cause of action for assault and battery.  (Defs.' Reply
at 2.)

-13-

Typically, the elements of a claim of negligence that a
plaintiff must establish are that the defendants owed him a duty
of care, that the applicable standard of care was breached, and
that this breach of the standard of care caused his injuries.
See Hedgepeth v. Whitman Walker Clinic, 22 A.3d 789, 806 (D.C.
2011).  However, in the District of Columbia, "[t]here is no such
thing as a negligent assault."  Sabir v. Dist. of Columbia, 755
A.2d 449, 452 (D.C. 2000).

> Under District of Columbia law, a plaintiff who
> simultaneously asserts claims for negligence and
> assault and battery based on excessive force must
> ensure that the negligence claim is: (1) "distinctly
> pled;" (2) "based upon at least one factual scenario
> that presents an aspect of negligence apart from the
> use of excessive force itself;" and (3) "violative of a
> distinct standard of care."

Dormu v. Dist. of Columbia, 795 F. Supp. 2d 7, 30 (D.D.C. 2011)
(quoting Chinn, 829 A.2d at 711).  Here, Magliore's negligence
claim is based principally on the officers' intentional use of
force, factual allegations indistinct from those advanced in
support of his excessive force and assault and battery claims.
Magliore offers no testimony from Klotz involving a relevant
standard of care distinct from that applicable to the excessive
force and assault and battery claims.  While Count 3 also accuses
the defendants of failing to have a sufficient number of officers
at the scene, Magliore presents no evidence of any distinct
standard of care applicable to that accusation or any testimony

-14-

by Klotz supporting that portion of the claim.  Therefore,
judgment will be entered for the defendants on Count 3.

IV.  MALICIOUS PROSECUTION

Count 6 alleges that Brooks and Cartagena maliciously
prosecuted Magliore by causing the criminal charges of assault on
a police officer to be instituted against him.  (Compl. ¶¶ 17-
19.)  The defendants argue that judgment should be entered
against Magliore on Count 6 because there was probable cause to
arrest Magliore, and because Magliore has not presented any
evidence of malice on behalf of either officer.  (Defs.' Mem. at
18-19.)  Magliore disagrees, and argues that a genuine issue of
material fact exists as to whether the officers had probable
cause to arrest Magliore.  (Pl.'s Opp'n at 16-17.)

"To sustain a claim for malicious prosecution of criminal
charges under District of Columbia law, a plaintiff must prove:
(1) the initiation of a criminal proceeding by the defendant;
(2) with malice; (3) without probable cause, and (4) termination
of the proceeding in favor of the plaintiff."  Dormu, 795 F.
Supp. 2d at 32.  "[T]he termination must reflect on the merits of
the underlying action."  Brown v. Carr, 503 A.2d 1241, 1245 (D.C.
1986) (internal quotation omitted).  Here, the docket information
Magliore attached to his opposition reflects merely that the
charges against him were dismissed.  (Pl.'s Opp'n, Ex. 8.)  "[A]
dismissal without prejudice 'renders the proceedings a nullity

-15-

and leave[s] the parties as if the action had never been
brought.'" Thoubboron v. Ford Motor Company, 809 A.2d 1204, 1210
(D.C. 2002) (quoting Bonneville Assocs. Ltd. v. Barram, 165 F.3d
1360, 1364 (Fed. Cir. 1999) (citations omitted)).  To satisfy the
fourth element of malicious prosecution, Magliore was required to
prove that his charges were dismissed with prejudice.  Magliore
has not presented any evidence that his charges were dismissed
with prejudice, and his failure to do so is fatal to Count 6.
See Rice v. Dist. of Columbia, 715 F. Supp. 2d 127, 132 (D.D.C.
2010) (dismissing claims of malicious prosecution where the
plaintiff failed to show that his criminal charges were dismissed
with prejudice); Harris v. Dist. of Columbia, 696 F. Supp. 2d
123, 134 (D.D.C. 2010) (dismissing claim of malicious prosecution
where the plaintiff submitted a docket sheet indicating only that
his criminal charges were dismissed by the government).

CONCLUSION AND ORDER

Magliore has not established that the District of Columbia's
policy or practice caused the harms he complains of or that his
criminal charges were terminated on the merits in his favor, and
his claim of negligence is not distinct from his claims of
assault and battery and excessive force.  However, genuine
disputes of material fact preclude entry of summary judgment on
the remaining claims.  Therefore, it is hereby

-16-

ORDERED that the defendants' motion [24] for summary judgment be, and hereby is, GRANTED in part and DENIED in Part. Judgment is entered for the District of Columbia on Counts 1 and 4, and for all defendants on Counts 3 and 6.  The motion is otherwise denied.  It is further

ORDERED that the parties confer and file by March 7, 2012 a joint status report and proposed order reflecting three mutually agreeable dates on which to hold a scheduling conference.

SIGNED this 22nd day of February, 2012.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge